# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of: | No. 51904-6-II |
| SHERYL JEAN MARTIN, | |
| Petitioner. | UNPUBLISHED OPINION |

MAXA, C.J. – Sheryl Martin filed a personal restraint petition (PRP) relating to her conviction of attempted first degree murder based on an ineffective assistance of counsel claim. She submitted a declaration stating that she only recently had become aware that defense counsel did not inform her of a plea offer the State made before trial and that had defense counsel done so, she would have accepted the offer. Martin claims that even though her PRP was filed more than one year after her judgment became final, the exception to the one-year time limit for newly discovered evidence applies here.

We remanded this matter to the superior court to conduct a reference hearing and to make certain factual findings. Following the reference hearing, the superior court found that defense counsel did inform Martin of the State's plea offer.

Martin now argues that the superior court's finding was not supported by substantial evidence. We disagree. Therefore, we hold that the exception for newly discovered evidence does not apply under the facts of this case and as a result Martin's PRP is time barred. We deny Martin's PRP.

FACTS

On September 8, 2007, Martin shot her husband four times after he admitted to having an extramarital affair. The State charged her with attempted first degree murder and first degree assault, both with firearm enhancements.

On October 4, 2008, Martin's defense counsel expressed an interest in settling the case. On October 6, the prosecutor presented a written plea offer to defense counsel in which Martin would plead guilty to first degree assault with a firearm enhancement and the State would dismiss the attempted first degree murder charge. This offer would have reduced Martin's standard range sentence from 240-300 months of incarceration to 153-183 months. The PRP record does not contain defense counsel's response to this offer, but Martin did not plead guilty.

The case proceeded to trial. A jury found Martin guilty of both charges. The sentencing court dismissed the first degree assault conviction on double jeopardy grounds and sentenced Martin to 240 months of incarceration on the first degree attempted murder conviction, which included a 60-month firearm enhancement. Division One of this court affirmed Martin's conviction on direct appeal in 2012. *State v. Martin*, 169 Wn. App. 620, 622, 281 P.3d 315 (2012). After the Supreme Court denied review, this court issued its mandate on March 13, 2013.

Martin filed a timely PRP, raising various issues. Order Dismissing Petition, *In re Pers. Restraint of Martin*, No. 46036-0-II (Wash. Ct. App. Nov. 20, 2014). This court dismissed the PRP as frivolous. *Id.* at 5.

Martin filed this second PRP in July 2018, supported by her declaration. Martin stated that sometime in late 2017, she filed a public disclosure request for all plea offers that were made in her case. In response, she received a copy of the October 6, 2008 plea offer. Martin stated

that she had never received or read that document and that defense counsel had never told her about the contents of that document. She also stated that if she had been informed of the plea offer when it was made, she would have taken the offer. Martin submitted declarations from her son and daughter-in-law, who both stated that they never knew about the plea offer and would have encouraged Martin to accept it rather than enduring a trial.

In response, the State submitted a declaration from the prosecutor who handled Martin's case attaching a transcript of the November 20, 2008 trial court proceeding discussed above. The prosecutor also stated that he engaged in extensive plea negotiations with defense counsel, including sending the written plea offer. Defense counsel told him that he had discussed the offer with Martin and that she had refused the offer.

We remanded Martin's petition to the superior court to hold a reference hearing pursuant to RAP 16.12 and to make factual findings related to the following issues:

> 1. Did defense counsel inform Martin of all plea offers from the State, including the October 6, 2008 plea offer?
> 2. If not, would Martin have accepted the plea offer had she been informed?
> 3. If Martin was not informed of the plea offer and she would have accepted it, whether Martin could have discovered the existence of the plea offer by the exercise of due diligence before the one-year time limits for PRPs expired.

Order Remanding Petition to Superior Court for Reference Hearing, *In re Pers. Restraint of Martin*, No. 51904-6-II (Wash. Ct. App. May 13, 2019).

The trial court conducted a reference hearing in September 2019. A number of witnesses testified, including the prosecutor, Martin's defense counsel, and Martin. The court found that defense counsel did inform Martin of the October 6, 2008 plea offer. The court also found that Martin did not exercise due diligence in discovering the existence of the plea offer.

ANALYSIS

A.    TIME LIMIT FOR PRPs

RCW 10.73.090(1) states that PRPs generally must be filed within one year after the

judgment becomes final.  Applicable here, RCW 10.73.090(3)(b) states that a judgment becomes

final on the date an appellate court issues its mandate on a timely direct appeal.

Division One issued its mandate on Martin's direct appeal in March 2013.  Martin filed

her current PRP in 2018, more than one year after the mandate was filed.  Therefore, Martin's

PRP is untimely unless an exception applies.

RCW 10.73.100 sets out a number of exceptions to the one-year time limit for PRPs.

One exception is for a PRP based on newly discovered evidence.  RCW 10.73.100(1).  We

review a claim of newly discovered evidence in a PRP under the same test as an assertion of

newly discovered evidence in a new trial motion.  *In re Pers. Restraint of Fero*, 190 Wn.2d 1, 15,

409 P.3d 214 (2018) (plurality opinion).  To prevail on a claim of newly discovered evidence, a

petitioner must show that the evidence

> (1) will probably change the result of the trial, (2) was discovered since the trial,
> (3) could not have been discovered before trial by the exercise of due diligence, (4)
> is material, and (5) is not merely cumulative or impeaching.

*Id.*  The petitioner is not entitled to relief if one of these factors is missing.  *Id.*

In addition, the exception for newly discovered evidence exception applies only "if the

defendant acted with reasonable diligence in discovering the evidence and filing the petition or

motion."  RCW 10.73.100(1).

B.       INAPPLICABILITY OF NEWLY DISCOVERED EVIDENCE EXCEPTION

The question here is when Martin discovered the evidence that the State made a plea offer on October 6, 2008. Martin claims that she did not learn about the plea offer until years later, but the superior court found after the reference hearing that defense counsel informed Martin of the October 6, 2008 plea offer. Martin now argues that substantial evidence does not support the superior court's finding. We disagree.

We review reference hearing findings to determine if substantial evidence supports them. *In re Pers. Restraint of Stenson*, 174 Wn.2d 474, 488, 276 P.3d 286 (2012). "Substantial evidence" is evidence that is sufficient to persuade a fair-minded, rational person of the finding's truth. *Id.* "We defer to the trial court and will not 'disturb findings of fact supported by substantial evidence even if there is conflicting evidence.' " *Id.* (quoting *Merriman v. Cokeley*, 168 Wn.2d 627, 631, 230 P.3d 162 (2010)).

At the reference hearing, the prosecutor who handled Martin's case testified that he communicated a plea offer to Martin's defense counsel on October 6, 2008. The offer allowed Martin to plead guilty to lesser changes with a standard range, including a firearm enhancement, of 153 months to 183 months. The prosecutor conveyed the offer via email, which was admitted into evidence at the reference hearing.

The prosecutor stated that defense counsel subsequently informed him that Martin had declined to accept the plea offer. The prosecutor later sent an email to others in the prosecutor's office, which was admitted into evidence, stating that defense counsel told him that Martin was not willing to serve more than three years in prison and had rejected the plea offer.

The prosecutor testified that at a November 20, 2008 hearing he informed the court that the State had made a plea offer and that Martin had rejected the offer. Neither defense counsel

5

nor Martin voiced any objection. The superior court viewed a video of the November 20 hearing, which confirmed what the prosecutor testified that he told the court.

Martin's defense counsel testified at the reference hearing. He did not recall receiving the State's plea offer or whether he discussed the offer with Martin. However, he did have a recollection that the 12 and a half years referenced in the plea offer was too much time. Defense counsel also stated that as a matter of practice he communicates plea offers to his clients. And he noted that he believed that he had an ethical duty to communicate a plea offer to his client.

Martin testified at the reference hearing that at no point did she discuss plea offers with her attorney. She stated that she did not become aware of the plea offer until she was investigating her case in 2013. She also presented testimony from her sister and a close friend, both of whom testified that Martin never told them about a plea offer.

Following the reference hearing, the superior court made the following finding of fact:

> Defense counsel did inform Ms. Martin of the offer of settlement made on October 6, 2008. No other plea offers were extended by the State in this case. The evidence shows that [defense counsel] received the offer from the State, that he has a habit, practice and ethical obligation to inform his clients of offers of settlement; furthermore, [defense counsel] did not contest the State's statement in court on November 20, 2008 that an offer had been made to defense and rejected; [defense counsel] is an officer of the court and had a duty of candor to the court. Had he not received or rejected an offer from the State then he would have had a duty to speak up in court on November 20, 2008. Considering all the evidence on this issue, this Court finds that [defense counsel] did convey the October 6, 2008 offer of settlement to Ms. Martin.

Clerk's Papers at 3.

We conclude that substantial evidence supports the superior court's finding of fact. The superior court focused on Martin's defense counsel, who testified that his practice was to communicate plea offers to his clients and noted that he had an ethical duty to do so. He also did not say anything when the prosecutor told the court that Martin had rejected the plea offer.

6

Additional evidence, noted in the superior court's recitation of facts, also supports the superior court's finding. The prosecutor specifically testified that defense counsel told him that Martin had rejected the plea offer. Martin presented contrary evidence, testifying that defense counsel did not talk to her about a plea offer. But we defer to the trial court's assessment of the evidence and the credibility of the witnesses.

Martin argues that the trial court erred in relying on the fact that defense counsel had a habit of conveying plea offers to his clients. She claims that there was insufficient evidence that defense counsel had a true habit, and therefore the superior court's finding was based on speculation and conjecture. However, the fact that defense counsel's practice and ethical duty was to inform his clients of plea offers – along with the prosecutor's undisputed testimony – constitutes substantial evidence supporting the trial court's finding.

The superior court's finding that defense counsel informed Martin of the plea offer means that Martin cannot satisfy one of the requirements of the newly discovered evidence exception to the PRP time bar – that the evidence on which the PRP is based was discovered after trial.[1] Therefore, the exception is inapplicable and Martin's PRP is time barred because it was filed more than a year after the case became final. RCW 10.73.090(1).

CONCLUSION

We hold that Martin's PRP is time barred. Therefore, we deny her PRP.

---

[1] Because of our holding, we do not address the trial court's finding that Martin did not satisfy a second requirement, due diligence.

No. 51904-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.